IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK ECKLES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHARLES ERICKSON, et al. | : | NO. 06-1870 |

### REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                                                        November 28, 2006
UNITED STATES MAGISTRATE JUDGE

    Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by Mark Eckles under 28 U.S.C. § 2254. Petitioner is currently incarcerated at the State Correctional Institution in Hunlock Creek, Pennsylvania. For the reasons which follow, the habeas petition should be stayed and held in abeyance while Eckles' PCRA petition is pending in the Pennsylvania courts.

### BACKGROUND

    On November 30, 1988, following a jury trial in the Philadelphia Court of Common Pleas, petitioner was convicted of First Degree Murder of his seventy-seven year-old grandmother. See Commonwealth v. Eckles, Nos. 1155-1160 April Term 1988, Mem. Op. at 1 (C. P. Phila. filed Jan. 28, 2004); see also Commonwealth v. Eckles, No. 30 EDA 2004, Mem. Op. at 1 (Pa. Super. filed Oct. 21, 2004). In August of 1990, he was sentenced to life in prison. Id. On direct appeal, the Superior Court of Pennsylvania affirmed the judgment of sentence in November of 1991, and Pennsylvania's Supreme Court denied allowance of appeal in June of

1992.  Commonwealth v. Eckles, 603 A.2d 1078 (Pa. Super. Nov. 13, 1991) (table), allocatur denied, 610 A.2d 44 (Pa. June 30, 1992) (table); see Pa. Super. Ct. Op. filed 10/21/04, at 1.

In January of 1997, Eckles filed his first petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-46.  See Pa. Super. Ct. Op. filed 10/21/04, at 1.  Following appointment of counsel and the filing of an amended petition, the PCRA Court dismissed that petition as time-barred.  Id.  In July of 1999, he filed another PCRA petition, which the PCRA Court also dismissed.  Id.  On appeal, the Superior Court vacated and remanded the case to the PCRA Court, "reasoning [that] the prisoner mailbox rule[1] excused the untimeliness of [petitioner's] first PCRA petition."[2]  See Pa. Super. Ct. Op. filed 10/21/04, at 2 (footnote added).

Petitioner's PCRA counsel filed an amended PCRA petition in December of 2002, and the PCRA Court dismissed that petition on its merits.[3]  Id.  On October 21, 2004, the Superior Court affirmed the denial of the PCRA petition.  Id. at 5.  The Supreme Court of Pennsylvania

---

1. The Superior Court stated: "It is settled that, in the interest of fairness, the date of a pro se petition's delivery within the correctional system shall qualify as the date of filing for purposes of timeliness under the PCRA."  See Commonwealth v. Eckles, No. 1608 EDA 2000, Mem. Op. at 5 (Pa. Super. filed Dec. 13, 2001).

2. "In cases where the judgment of sentence was final prior to the 1995 enactment of the [PCRA's] timeliness requirement, a first PCRA petition is considered timely if filed within one year of the effective date of the enactment or January 16, 1997."  Commonwealth v. Brown, 872 A.2d 1139, 1144 (Pa. 2005); see also Commonwealth v. Sattazahn, 869 A.2d 529, 533 n.8 (Pa. Super. 2005) (observing that Jan. 16, 1996 is the effective date of the 1995 amendments to the PCRA).  Here, the Superior Court found that Eckles "placed his first pro se PCRA petition in the institutional mailbox" on Jan. 10, 1997.  See Pa. Super. Ct. Op. filed 12/13/01, at 2.

3. In light of the Superior Court's determination that petitioner's first petition was considered timely, the state court proceedings related to his first two PCRA petitions will herein be collectively referred to as Eckles' "first PCRA petition."

denied allocatur on May 3, 2005.  Commonwealth v. Eckles, 864 A.2d 577 (Pa. Super. Oct. 21, 2004) (table), allocatur denied, 875 A.2d 1072 (Pa. May 3, 2005) (table).

On or about June 28, 2005, Eckles filed a subsequent PCRA petition (herein referred to as his "second PCRA petition").  See PCRA Pet. filed 6/28/05, at 1.  On October, 2, 2006, the PCRA Court found that he failed to satisfy the timeliness requirements of the PCRA and dismissed the petition as time-barred.  On that same date, Eckles filed a Notice of Appeal in the Superior Court of Pennsylvania, and that appeal is currently pending.[4]

Eckles' federal petition for writ of habeas corpus was received by the Clerk of this Court on May 3, 2006 (referred to herein as "Original Habeas Petition").  See Original Hab. Pet. (Doc. No. 1) at 1.  In that it was not filed on the proper form, by Order filed May 23, 2006 the Honorable James T. Giles directed the Clerk of Court to furnish petitioner with the current standard form.  Judge Giles further ordered that petitioner complete the form as directed by Local Rule of Civil Procedure 9.3 and return it to the Clerk of Court within thirty (30) days to avoid dismissal of this civil action.

On June 7, 2006, the Clerk of Court received Eckles' habeas petition filed on the proper form (Doc. No. 3).  See Hab. Pet. (Doc. No. 3) at 1.  In the Response to the habeas petition, the District Attorney of Philadelphia argues that the petition is time-barred.  See Resp. to Hab. Pet. at 3-7.  In her Supplemental Response to the Habeas Petition,[5] respondent further "recommend[s]

---

4. On Nov. 2, 2006, per telephone conversation with the Philadelphia PCRA Appeals Unit this Court confirmed the status of Eckles' PCRA appeal.

5. Following the filing of a Reply brief by petitioner, it was apparent to the Court that Eckles had filed a second PCRA petition that was pending in the state court and which respondent had admittedly "inadvertently overlooked" in the Response to the habeas petition, see Supp. Resp. to Hab. Pet. at 2 n.1.  Therefore, this Court ordered on Sept. 8, 2006 that respondent file a

that the Court suspend its consideration of petitioner's application for habeas relief at this time, pending the disposition in the state courts of his current PCRA petition." See Supp. Resp. to Hab. Pet. at 12.

## DISCUSSION

Section 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which amended 28 U.S.C. § 2244, imposes a one-year period of limitation on applications for writs of habeas corpus by persons in state custody. See 28 U.S.C. § 2244(d)(1); Pace v. DiGuglielmo, 125 S. Ct. 1807, 1810 (2005). Pursuant to the AEDPA, the limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

Supplemental Response addressing the effect of the second PCRA petition on the applicable statute of limitations. In her Supplemental Response, respondent correctly predicted that the PCRA Court would dismiss the second PCRA petition as time-barred. See Supp. Resp. at 2. The PCRA appeal is currently pending before the Superior Court of Pennsylvania.

28 U.S.C. § 2244(d)(1). Thus, under § 2244, unless one of the statutory exceptions applies, see id. § 2244(d)(1)(B)-(D), the one-year limitation period during which a habeas petition must be filed generally begins to run upon completion of direct review of the judgment of the state courts.

Here, the statutory exceptions to the general rule do not apply to most of petitioner's habeas claims. See Hab. Pet. ¶ 12(A)-(C); see also Fielder v. Varner, 379 F.3d 113, 118 (3d Cir. 2004) (finding that the AEDPA statute of limitations should be applied on a claim-by-claim basis), cert. denied, 543 U.S. 1067 (2005). Therefore, for those claims the one-year period of limitation would begin to run when his judgment of conviction became final. However, in that Eckles' judgment of conviction became final prior to April 24, 1996, the effective date of the AEDPA,[6] he had one year after the effective date, or until April 23, 1997, see Sweger v. Chesney, 294 F.3d 506, 513 (3d Cir. 2002), cert. denied, 123 S. Ct. 1902 (2003), plus any time during which the period of limitation was tolled, to file a § 2254 petition, see Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Swartz v. Meyers, 204 F.3d 417, 419-20 (3d Cir. 2000); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Petitioner also appears to allege that some of his claims are predicated on facts which he discovered after the effective date of the AEDPA while the proceedings related to his first PCRA petition were pending. See Hab. Pet. ¶ 12(D); see, e.g., Petr.'s Reply to Supp. Resp. to Hab. Pet. at 17. In particular, attached to his Supplement to Habeas Corpus Petition (Doc. No. 9) is, among other things, a copy of a letter sent to him from his sister, Esther Eckles, dated October 21, 2001 indicating that she lied in her previous statement inculpating petitioner in the murder

---

6. On petitioner's direct appeal, the Supreme Court of Pennsylvania denied Eckles' petition for allowance of appeal in June of 1992. See Commonwealth v. Eckles, 610 A.2d 44 (Pa. June 30, 1992) (table); see also Pa. Super. Ct. Op. filed 10/21/04, at 1.

and that at the time of trial she had indicated this to the trial judge and her lawyer. Giving petitioner every benefit of the doubt, and assuming for present purposes that Eckles' habeas petition includes claims predicated on facts that "could [not] have been discovered through the exercise of due diligence" prior to October 21, 2001, petitioner would benefit from a later starting date for the AEDPA's one-year period of limitation for the claims predicated on those facts (herein referred to as "new evidence claims"). See 28 U.S.C. § 2244(d)(1)(D); see also Fielder, 379 F.3d at 118 (AEDPA's statute of limitations should be applied on a claim-by-claim basis); see, e.g., Slutzker v. Johnson, 393 F.3d 373, 382 (3d Cir. 2004) (where different starting dates to the AEDPA's period of limitation applied to the respective claims included in the habeas petition).

"The statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception." Merritt, 326 F.3d at 161 (citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)). With respect to statutory tolling, § 2244(d)(2) provides in relevant part that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); see Pace, 125 S. Ct. at 1810 (quoting § 2244(d)(2)).

Thus, the time during which petitioner's first PCRA petition was pending should not be counted in calculating the period of limitation. See id.; Swartz, 204 F.3d at 420. Here, it will be assumed for present purposes that the AEDPA's period of limitation was tolled from January 10,

6

1997, when he filed his first PCRA petition, see Pa. Super. Ct. Op. filed 12/13/01, at 2, until May 3, 2005, when his petition for allowance of appeal was denied by the Supreme Court of Pennsylvania,[7] see Commonwealth v. Eckles, 875 A.2d 1072 (Pa. May 3, 2005) (table). See Swartz, 204 F.3d at 420.

With regard to Eckles' claims **other than his new evidence claims**, see Hab. Pet. ¶ 12 (A)-(C), since the AEDPA's period of limitation began to run on April 24, 1996, see Swartz, 204 F.3d at 419-20; Miller, 145 F.3d at 617-18, two hundred fifty-nine (259) days (more than eight and a half (8 ½) months) of the period of limitation had already elapsed by the time he filed his PCRA petition on January 10, 1997.[8] See, e.g., Burns, 134 F.3d at 111. Therefore, when Pennsylvania's Supreme Court denied allowance of appeal on May 3, 2005, and the period of limitation began running again, petitioner had one hundred six (106) days (about three and a half (3 ½) months) to file his § 2254 petition.

---

7. As explained above, although the PCRA Court initially found petitioner's first PCRA petition untimely, see Pa. Super. Ct. Op. filed 10/18/02, at 1, the Superior Court ultimately found that the petition was timely filed, enabling petitioner to subsequently file an amended PCRA petition which was denied on its merits, id. at 2. Arguably, since the first PCRA petition was dismissed on May 28, 1998, see Common Pleas Ct. Op. filed 1/28/04, at 2, and petitioner failed to file a timely appeal of that dismissal to the Superior Court, see Pa. R. App. P. 903(a) (notices of appeal must be filed within 30 days), he did not have a PCRA petition "pending" in the Pennsylvania courts from June 27, 1998, when the time for filing an appeal to the Superior Court expired, until July 2, 1999, when Eckles filed a subsequent PCRA petition, see Common Pleas Ct. Op. filed 1/28/04, at 2. However, giving petitioner every benefit of the doubt for purposes of calculating the AEDPA's period of limitation, the PCRA petitions will be treated for present purposes as pending from Jan. 10, 1997, when Eckles filed his first PCRA petition, see Pa. Super. Ct. Op. filed 12/13/01, at 2, until May 3, 2005, when Eckles' petition for allowance of appeal related to his PCRA petition was denied by the Supreme Court of Pennsylvania, see Commonwealth v. Eckles, 875 A.2d 1072 (Pa. May 3, 2005) (table).

8. Petitioner would benefit from a later starting date on the claims which he alleges were predicated on facts undiscoverable without due diligence until after his first PCRA petition was filed.

Petitioner did not file the present petition until, at the earliest, April 26, 2006,[9] **more than eleven (11) months** after his first PCRA petition was no longer pending, and **more than seven (7) months** *after* the AEDPA's period of limitation **expired.** Since petitioner failed to file his § 2254 petition within the one-year period of limitation, **absent further tolling**, the petition was not timely filed with regard to these claims. See Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

On or about June 28, 2005, Eckles filed his second PCRA petition, see PCRA Pet. filed 6/28/05, at 1, and his appeal from the dismissal of that petition as time-barred is currently pending in the Superior Court of Pennsylvania. The Supreme Court held in Pace v. DiGuglielmo, 125 S. Ct. at 1814, that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he [was] not entitled to statutory tolling under § 2244(d)(2)." Therefore, here, if the Pennsylvania courts ultimately determine that Eckles' second PCRA petition was untimely filed, then that petition will not be considered "properly filed" for purposes of § 2244(d)(2) and will not toll the AEDPA's period of limitation. See Pace, 125 S. Ct. at 1814; Schlueter v. Varner, 384 F.3d 69, 78 (3d Cir. 2004), cert. denied, 125 S. Ct. 2261 (2005); Merritt, 326 F.3d at 166 (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)).

---

9. In Burns, 134 F.3d at 113, the Court of Appeals for the Third Circuit held that a pro se prisoner's federal habeas petition is deemed "filed" at the moment he delivers it to prison officials for mailing to the district court. Here, although petitioner alleges that he filed his habeas petition on Apr. 28, 2006, see Petr.'s Reply at 7, he signed his Original Habeas Petition on April 26, 2006, see Original Hab. Pet. (Doc. No. 1) at 14. Therefore, he could not have delivered the petition any earlier than that date. Giving him every benefit of the doubt, it will be assumed for present purposes that petitioner filed his § 2254 petition on April 26, 2006, when he alleges he signed his petition.

However, if the Pennsylvania courts determine that Eckles' second PCRA petition meets one of the statutory exceptions to the PCRA timeliness provision,[10] the AEDPA's limitation period **will** be tolled from June 28, 2005, the date he filed his second PCRA petition, until the conclusion of PCRA review.  In that situation, the AEDPA's period of limitation would have run for an additional fifty-six (56) days, from May 3, 2005 when the first PCRA petition was no longer pending until June 28, 2005 when he filed the second PCRA petition, leaving fifty (50) days remaining of the AEDPA's limitation period.  See, e.g., Stanley v. Shannon, 2006 WL 2191268 (E.D. Pa. July 31, 2006); see Merritt, 326 F.3d 157 (an untimely PCRA petition does not toll the federal limitations period where the petitioner sought, but was denied, application of a statutory exception to the PCRA time bar).

In Stanley v. Shannon, the habeas petitioner filed a timely first PCRA petition which tolled the AEDPA's period of limitation.  Stanley, 2006 WL 2191268, at *3.  Less than four months after his first PCRA petition was no longer pending, the petitioner filed a second PCRA petition alleging "newly-discovered evidence."  Id. at *2.  As in the present case, in Stanley the PCRA Court dismissed the second PCRA petition as untimely, and he filed a notice of appeal with the Superior Court of Pennsylvania.  Id.  While his appeal was pending, he filed his federal

---

10. The PCRA provides that any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final.  See Commonwealth v. Breakiron, 781 A.2d 94, 99 (Pa. 2001) (citing 42 Pa. C.S.A. § 9545(b)(1)).  However, the PCRA sets forth exceptions to that time provision, including when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."  See Breakiron, 781 A.2d at 99 (citing 42 Pa. C.S.A. § 9545(b)(1)(ii)).  A petition invoking an exception must be filed within 60 days of the date the claim could have been presented.  See Breakiron, 781 A.2d at 99 (citing 42 Pa. C.S.A. § 9545(b)(2)).

habeas petition.[11]  Id.  Therefore, it appeared that Stanley's federal habeas petition was untimely filed unless the Pennsylvania courts subsequently determined that his second PCRA petition met a statutory exception to the PCRA timeliness provision.  Id.

The Court observed: "Whether Stanley's second PCRA petition, which the PCRA court deemed untimely, meets a statutory exception to the PCRA timeliness provision, thus tolling the limitations period as properly filed, **must be determined by the Superior Court of Pennsylvania.**"  Id. (citing Merritt, 326 F.3d at 169) (emphasizing the required deference to the state determination while recognizing the undue interference inherent in a federal district court finding a PCRA petition was properly filed when the state determined it was untimely)) (emphasis added).

"In the interests of comity and deference to the state courts' role in deciding the applicability of the PCRA statutory exceptions to the time bar," United States Magistrate Judge Timothy R. Rice recommended that the federal habeas petition "be dismissed without prejudice due to the pending PCRA appeal in the Superior Court of Pennsylvania."  Id.  The petitioner objected to the recommendation and asserted that the Court "should consider staying the matter until the state court issue[d] a decision."[12]  See Stanley, 2006 WL 2191268, at *1.  Observing that "[Judge Rice's] conclusion and [the petitioner's] Objection ha[d] a similar practical effect" in that "[u]nder either scenario, [the petitioner] must await determination by the state court," by Memorandum and Order dated July 31, 2006, the Honorable Clifford Scott Green approved and

---

11. The habeas petition in Stanley alleged, among other things, that he was actually innocent. See Stanley, 2006 WL 2191268, at *2.

12. The petitioner also urged the Court to consider the petition as timely filed based on a claim of "discovering new evidence."  See Stanley, 2006 WL 2191268, at *1.

adopted Judge Rice's Report and Recommendation and dismissed the petition without prejudice. Id.

In the present case, **absent further tolling**, the claims not predicated on the alleged "new evidence" were **not** timely filed, and as in Stanley, dismissal without prejudice of those claims would not effect the timeliness of the petition or otherwise hinder petitioner's interest in obtaining federal review of his claims. Furthermore, the Pennsylvania courts' determination of the timeliness of Eckles' second PCRA petition "is a predicate to resolving the timeliness of [his] federal petition." See Stanley, 2006 WL 2191268, at *3.

However, with regard to petitioner's new evidence claims for which Eckles claims a later start date to the statute of limitations, see 28 U.S.C. § 224(d)(1)(D), petitioner appears to allege that he could not have discovered the predicate of these claims until he received his sister's October 21, 2001 letter while his first PCRA petition was still pending. See Petr.'s Supp. to Hab. Pet. at 2; Petr.'s Reply to Supp. Resp. to Hab. Pet. at 17. Since the statute of limitations was tolled during the pendency of the first PCRA petition, the AEDPA's period of limitation would not begin to run for these claims until May 3, 2005, when the petition for allowance of appeal was denied by the Supreme Court of Pennsylvania, see Commonwealth v. Eckles, 875 A.2d 1072 (Pa. May 3, 2005) (table). See Swartz, 204 F.3d at 420. Therefore, since the present petition is deemed filed on April 26, 2006, see supra note 9, it appears that even absent any further tolling, Eckles' habeas petition was filed just **prior** to the expiration of the AEDPA's one-year period of limitation with respect to any claims which are predicated on the "new evidence."

"Under the federal habeas corpus statute, habeas relief 'shall not be granted' to a petitioner in custody pursuant to a state court judgment **unless the petitioner 'has exhausted the**

**remedies available in the courts of the State.**'" Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005) (quoting 28 U.S.C. § 2254 (b)(1)(A)) (emphasis added). Specifically, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); see Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001), cert. denied, 535 U.S. 957 (2002).

The petitioner has the burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requisites entitling him to relief. Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982). Thus, the habeas petitioner carries the burden of proving exhaustion of all available state remedies. Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001) (citing Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993)); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

Requiring exhaustion of state remedies "addresses federalism and comity concerns by 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" Parker, 429 F.3d at 61 (citing Toulson, 987 F.2d at 986); Coady, 251 F.3d at 488; Toulson, 987 F.2d at 986 (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)). Although the exhaustion rule is a matter of comity and not jurisdiction, it "should be **strictly adhered to** because it expresses respect for our dual judicial system." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992) (quoting Landano v. Rafferty, 897 F.2d 661, 668 (3d Cir. 1990)) (emphasis added), cert. denied, 404 U.S. 944 (1992); see Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996) ("Pursuing state remedies is not a mere formality").

Here, Eckles appears to concede that his new evidence claims were not exhausted in the

state courts and that at least some of these claims were raised in his second PCRA petition currently pending on appeal before Pennsylvania's Superior Court. In Rose v. Lundy, 455 U.S. 509, 510 (1982), the Supreme Court held that whenever a habeas corpus petition contains both exhausted and unexhausted claims the entire petition must be dismissed for failure to comply with the exhaustion requirements of 28 U.S.C. § 2254(b). However, dismissal, even "without prejudice," of Eckles' "new evidence claims" would **render** those claims untimely, absent equitable tolling or any further statutory tolling.[13]

In her Supplemental Response to the habeas petition, respondent "recommend[s] that the Court suspend its consideration of petitioner's application for habeas relief at this time, pending the disposition in the state courts of his current PCRA petition." See Supp. Resp. to Hab. Pet. at 12. The Supreme Court has directed that federal district courts ordinarily "should stay, rather than dismiss," see Rhines v. Weber, 544 U.S. 269, 277-78 (2005), mixed petitions (i.e., raising both exhausted and unexhausted claims) when a petitioner exhibits "reasonable confusion about whether a state filing would be timely" and thereby shows "good cause" for filing in federal court, see Pace, 125 S. Ct. at 1813-14 (emphasis added).

Here, Eckles' petition is a mixed petition as it contains both exhausted and unexhausted claims. The claims presented on direct appeal and on his first PCRA appeal are exhausted, but at least some of the claims raised in his second PCRA petition remain unexhausted. While respondent maintains that Eckles' second PCRA petition "will almost certainly be rejected" as untimely, see Supp. Resp. at 2, "[t]hat determination . . . must be made in the first instance by the

---

13. It is noted that the Supreme Court has held that a previous federal habeas petition that has been dismissed without prejudice does not toll the AEDPA's statute of limitations for a later habeas petition. Duncan v. Walker, 533 U.S. 167, 172-73 (2001); see Slutzker, 393 F.3d at 382.

state court." See Stanley, 2006 WL 2191268, at *3.  The Third Circuit confirmed in Parker v. Kelchner that "likely futility" in state court of a petitioner's habeas claim "does not render that claim 'exhausted' within the meaning of § 2254(b)(1)(A) so as to excuse the petitioner's failure to exhaust that claim by presenting it in state court before asserting [it] in a federal habeas petition." Parker, 429 F.3d at 64.

The Supreme Court observed in Rhines: "If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under [Rose v. Lundy, 455 U.S. at 510,] after the limitations period has expired, this will likely mean the termination of any further review." Rhines, 544 U.S. at 275.  Since Eckles has exhibited "reasonable confusion" about whether his second PCRA petition would be timely,[14] his habeas petition should be "stay[ed], rather than dismiss[ed]." See Rhines, 544 U.S. at 277-78; see, e.g., See Baker v. Horn, 383 F. Supp.2d 720, 747 (E.D. Pa. Aug. 15, 2005) (citing Rhines and Pace) ("[the petitioner's] 'reasonable confusion' over whether his PCRA petition would be timely as a matter of Pennsylvania law, and whether the Pennsylvania courts would address the petition on its merits even if it were not timely, constituted 'good cause'" to stay the habeas petition); see also Green v. Folino, 2006 WL 2092575, at *7 (E.D. Pa. July 26, 2006) (placing habeas proceedings in abeyance pending exhaustion of state remedies).

The Supreme Court cautioned in Rhines that "even where a stay and abeyance is

---

14. A PCRA petition invoking a statutory exception to the PCRA's one-year time provision must be filed within 60 days of the date the claim could have been presented. See Breakiron, 781 A.2d at 99 (citing 42 Pa. C.S.A. § 9545(b)(2)).  However, the Pennsylvania courts have stated that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review," see Breakiron, 781 A.2d at 99 (citing Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000)).

14

appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in [the] AEDPA." Rhines, 544 U.S. at 277. "A mixed petition should not be stayed indefinitely." Id. Therefore, the Supreme Court stated that "district courts should place reasonable time limits on a petitioner's trip to state court and back." Id.

In Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), the Court of Appeals indicated that "[i]f a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court."[15] Id. at 154; see Rhines, 544 U.S. at 278 (citing Zarvela, 254 F.3d at 381 ("[district courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed")). The Court further indicated that "[i]f a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc." Crews, 360 F.3d at 154.

Here, Eckles has already filed his second PCRA petition, and that petition is currently pending in the Superior Court of Pennsylvania. However, the stay of his federal habeas petition should be conditioned upon petitioner returning to federal court within thirty (30) days of the

---

15. In Crews, the Third Circuit "endorsed the option of 'staying a habeas petition pending exhaustion of state remedies' as a 'permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition,' rather than outright dismissal." Benchoff v. Colleran, 404 F.3d 812, 820 n.6 (3d Cir. 2005) (quoting Crews, 360 F.3d at 151-52). While Crews was decided prior to the Supreme Court's decision in Rhines, which approved, but limited, the availability of the stay and abeyance procedure, see Benchoff, 404 F.3d at 820 n.6, Crews was consistent with Rhines in determining that such a stay should be conditioned on the petitioner returning to federal court within a reasonable time after exhaustion. See Rhines, 544 U.S. at 278 (citing Zarvela v. Artuz, 254 F.3d 374, 381 (2nd Cir.), cert. denied, 534 U.S. 1015 (2001)); Crews, 360 F.3d at 154.

conclusion of his PCRA appeal.  See, e.g., Green, 2006 WL 2092575, at *7 (ordering stay and abeyance of habeas petition pending conclusion of state court proceedings and that petitioner must notify the Court within 30 days of the conclusion of state proceedings); Taylor v. Beard, 2005 WL 2106549, at *1 (W.D. Pa. Aug. 24, 2005) (where PCRA Court denied a second PCRA petition and appeal was pending in the Superior Court, the District Court stayed the federal habeas petition and ordered that the Court be informed of the disposition of the state court proceedings within 30 days of the conclusion of the related appeal); see also Rhines, 544 U.S. at 278 (citing Zarvela, 254 F.3d at 381); Crews, 360 F.3d at 154.  Petitioner is cautioned that if he fails to meet this thirty-day time-limit, the stay and abeyance of his federal habeas petition may be vacated, and his habeas petition may be dismissed.  See Crews, 360 F.3d at 154; see also Rhines, 544 U.S. at 277 ("district courts should place reasonable time limits on a petitioner's trip to state court and back"); id. at 278 (citing Zarvela, 254 F.3d at 381 (30 days is a reasonable time interval to give a petitioner to return to federal court following pendency of state court proceedings)).

       My Recommendation follows.

**R E C O M M E N D A T I O N**

AND NOW, this 28th day of November, 2006, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, the Supplement to the Habeas Petition, respondent's Answer thereto, petitioner's Reply to the Answer, respondent's Supplemental Answer, and petitioner's Reply to the Supplemental Answer, it is RECOMMENDED that the habeas petition be STAYED AND HELD IN ABEYANCE while petitioner's appeals related to his PCRA petition are pending in the Pennsylvania courts.  IT IS FURTHER RECOMMENDED that petitioner be Ordered to notify this Court of his intent to proceed with his federal habeas petition within thirty (30) days of the date his PCRA appeal is no longer pending, to avoid dismissal of his federal habeas petition.

  /s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE