IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK ECKLES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHARLES ERICKSON, et al. | : | NO. 06-1870 |
| | : | |

**REPORT AND RECOMMENDATION**

L. FELIPE RESTREPO                                                               February 27, 2007
UNITED STATES MAGISTRATE JUDGE

    Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by Mark Eckles under 28 U.S.C. §2254.  Petitioner is currently incarcerated at the State Correctional Institution in Hunlock Creek, Pennsylvania.  For the reasons which follow, this habeas petition should be stayed and held in abeyance while Eckles' PCRA petition is pending in the Pennsylvania courts.

**BACKGROUND AND DISCUSSION**

    On November 30, 1988, following a jury trial in the Philadelphia Court of Common Pleas, petitioner was convicted of First Degree Murder of his seventy-seven year old grandmother.  See Commonwealth v. Eckles, Nos. 1155-1160 April Term 1988, Mem. Op. at 1 (C.P. Phila. Filed Jan. 28, 2004); see also Commonwealth v. Eckles, No. 30 EDA 2004, Mem. Op. at 1 (Pa. Super. filed Oct. 21, 2004).  In August of 1990, he was sentenced to life in prison. Id.  On direct appeal, the Superior Court of Pennsylvania affirmed the judgment of his sentence

in November of 1991, and Pennsylvania's Supreme Court denied allowance of appeal in June of 1992.  Commonwealth v. Eckles, 603 A.2d 1078 (Pa. Super. Nov., 13, 1991) (table), allocatur denied, 610 A.2d 44 (Pa. June 30 1992) (table); see Pa. Super. Ct. Op. filed 10/21/04, at 1.

In January 1997, Eckles filed his first petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-46.  See Pa. Super. Ct. Op. filed 10/21/04, at 1.  Following appointment of counsel and the filing of an amended petition, the PCRA court dismissed that petition as time-barred.  Id.  In July of 1999, he filed another PCRA petition, which the PCRA court also dismissed.  Id.  On appeal, the Superior Court vacated and remanded the case to the PCRA court, "reasoning [that] the prisoner mailbox rule[1] excused the untimeliness of [petitioner's] first PCRA petition."[2]  See Pa. Super. Ct. Op. filed 10/21/04, at 2 (footnote added).

Petitioner's PCRA counsel filed an amended PCRA petition in December of 2002, and the PCRA court dismissed the petition on its merits.[3]  Id.  On October 21, 2004, the Superior

---

[1]  The Superior Court stated: "It is settled that, in the interest of fairness, the date of a pro se petition's delivery within the correctional system shall qualify as the date of filing for purposes of timeliness under the PCRA."  See Commonwealth v. Eckles, 1608 EDA 200, Mem. Op. at 5 (Pa. Super. filed Dec. 13, 2001).

[2]  "In cases where the judgment of sentence was final prior to the 1995 enactment of the [PCRA's] timeliness requirement, a first PCRA petition is considered timely if filed within one year of the effective date of the enactment or January 16, 1997."  Commonwealth v. Brown, 872 A.2d 1139, 1144 (Pa. 2005); see also Commonwealth v. Sattazahn, 869 A.2d 529, 533 n. 8 (Pa. Super. 2005) (observing that Jan. 16, 1996 is the effective date of the 1995 amendments to the PCRA).  Here, the Superior Court found that Eckles "placed his first pro se PCRA petition in the institutional mailbox" on Jan 10, 1997.  See Pa. Super. Ct. Op. Filed 12/13/01, at 2.

[3]  In light of the Superior Court's determination that petitioner's first petition was considered timely the state court proceedings related to his fist two PCRA petitions will be herein collectively referred to as Eckles' "first PCRA petition."

Court affirmed the denial of the PCRA petition.  Id. at 5.  The Supreme Court of Pennsylvania denied allocatur on May 3, 2005.  Commonwealth v. Eckles, 875 A.2d 1072 (Pa. 2005).

On or about June 28, 2005, Eckles filed a subsequent PCRA petition.  See PCRA Pet. filed 6/28/05, at 1.  On October 2, 2006, the PCRA Court found that he failed to satisfy the timeliness requirement of the PCRA and dismissed the petition as time-barred.  On the same date, Eckles filed a Notice of Appeal in the Superior Court of Pennsylvania.

Eckles' federal petition for writ of habeas corpus was received by the Clerk of this Court on May 3, 2006.[4]  See Hab. Pet. (Doc. No. 1).  In a Report and Recommendation dated November 28, 2006, I recommended that the federal habeas petition be stayed and held in abeyance while Eckles' PCRA appeal was pending in the Superior Court.  See Report and Recommendation filed 11/28/06, at 1.

In an Order filed December 11, 2006, the Superior Court issued an opinion dismissing the appeal due to Eckles' failure to comply with Pennsylvania Rule of Appellate Procedure 3517.[5] Commonwealth v. Eckles, 2768 EDA 2006, Order (Pa. Super. filed Dec. 11, 2006). Subsequently, by Order filed January 4, 2007, Judge Giles approved and adopted the November

---

[4]  Due to the fact that it was not filed on the proper form, the Honorable James T. Giles directed the Clerk of Court to furnish petitioner with the current standard form in an order dated May 23, 2006.  Judge Giles further ordered that petitioner complete the form as directed by Local Rule of Civil Procedure 9.3 and return it to the Clerk of Court within thirty (30) days to avoid the dismissal of this civil action.  On June 7, 2006, the Clerk of the Court received Eckles' habeas petition on the proper form.  See Hab. Pet. (Doc. No. 3) at 1.

[5]  Pennsylvania Rule of Appellate Procedure 3517 states: "[w]henever a notice of appeal to the Superior Court is filed, the Prothonotary shall send a docketing statement form which shall be completed and returned within ten (10) days in order that the Court shall be able to more efficiently and expeditiously administer the scheduling of argument and submission of cases on appeal. Failure to file a docketing statement may result in dismissal of the appeal."

28, 2006 Report and Recommendation.  In addition, Judge Giles referred the case back to me for a further Report and Recommendation in that it appeared that the Pennsylvania Superior court had dismissed petitioner's PCRA appeal.

However, after Judge Giles' January 4, 2007 Order, as the state court docket reflects, by Order filed December 21, 2006, the Superior Court rescinded its December 11th Order dismissing the PCRA appeal, and the Court reinstated the appeal.  See Pa. Ct. Dckt.  The state court docket further reelects the fact that petitioner has since filed a brief in support of his appeal and the appeal is currently pending in the Superior Court.[6]

Accordingly, due to the unforeseen reactivation of petitioner's state court appeal in the Superior Court, and consistent with the previously approved and adopted Report and Recommendation, it is recommended that this case should be stayed and held in abeyance while Eckles' appeal is pending in the Pennsylvania courts.

My Recommendation follows.

---

[6] On February 23, 2007, this Court confirmed the status of Eckles' PCRA appeal via telephone conversation with the prothonotary of the Superior Court of Pennsylvania.

# R E C O M M E N D A T I O N

AND NOW, this 27th day of February, 2007, upon consideration of the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, for the reasons provided in the accompanying Report, it is RECOMMENDED that the habeas petition should be STAYED AND HELD IN ABEYANCE while petitioner's appeal related to his PCRA petition is pending in the Pennsylvania courts.  IT IS FURTHER RECOMMENDED that petitioner be Ordered to notify this Court of his intention to proceed with his federal habeas petition within thirty (30) days of the date his PCRA appeal is no longer pending, to avoid dismissal of his federal habeas petition.

 

L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE