# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK ECKLES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CHARLES ERICKSON, et al.** | : | **NO.  06-1870** |

## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                      JULY 28, 2008
UNITED STATES MAGISTRATE JUDGE


Before the Court is a pro se Petition for Writ of Habeas Corpus filed by Mark Eckles

under 28 U.S.C. § 2254.  Petitioner is currently incarcerated at the State Correctional Institution

in Hunlock Creek, Pennsylvania.  For the reasons which follow, the habeas petition should be

denied and dismissed.


## 1.   BACKGROUND

On November 30, 1988, following a jury trial in the Philadelphia Court of Common

Pleas, petitioner was convicted of First Degree Murder of his seventy-seven year-old

grandmother.  See Commonwealth v. Eckles, Nos. 1155-1160 April Term 1988, Mem. Op. at 1

(C. P. Phila. filed Jan. 28, 2004); see also Commonwealth v. Eckles, No. 30 EDA 2004, Mem.

Op. at 1 (Pa. Super. filed Oct. 21, 2004).  In August of 1990, he was sentenced to life in prison.

Id.  On direct appeal, the Superior Court of Pennsylvania affirmed the judgment of sentence in

November of 1991, and Pennsylvania's Supreme Court denied allowance of appeal in June of

1992.  Commonwealth v. Eckles, 603 A.2d 1078 (Pa. Super. Nov. 13, 1991) (table), allocatur

denied, 610 A.2d 44 (Pa. June 30, 1992) (table); see Pa. Super. Ct. Op. filed 10/21/04, at 1.

On January 10, 1997, Eckles filed his first petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-46.  See Commonwealth v. Eckles, No. 1608 EDA 2000, Mem. Op. at 2 (Pa. Super. filed Dec. 13, 2001); see also Pa. Super. Ct. Op. filed 10/21/04, at 1.  Following appointment of counsel, the PCRA Court dismissed the petition as time-barred on May 28, 1998.  See Pa. Super. Ct. Op. filed 12/13/01, at 3.  Although Eckles filed a pro se notice of appeal to the Superior Court of Pennsylvania on or about July 1, 1998, that appeal was returned as "an untimely appeal filed more than thirty days after the order in question."  Id. at 3.

One year later, on June 29, 1999, petitioner filed a second pro se PCRA petition "nunc pro tunc."  Id.  Following the appointment of new counsel, counsel filed a "no-merit" letter seeking leave to withdraw representation.  Id. at 3-4.  On April 19, 2000, the PCRA Court dismissed the petition as frivolous and allowed counsel to withdraw.  Id. at 3.  On appeal, the Superior Court vacated and remanded the case to the PCRA Court on December 13, 2001, "reasoning [that] the prisoner mailbox rule[1] excused the untimeliness of [his] first PCRA petition."[2]  See Pa. Super. Ct. Op. filed 10/21/04, at 2 (footnote added); see also Pa. Super. Ct. Op. filed 12/13/01, at 6.

---

1.  The Superior Court stated: "It is settled that, in the interest of fairness, the date of a pro se petition's delivery within the correctional system shall qualify as the date of filing for purposes of timeliness under the PCRA."  See Pa. Super. Ct. Op. filed 12/13/01, at 5.

2.  "In cases where the judgment of sentence was final prior to the 1995 enactment of the [PCRA's] timeliness requirement, a first PCRA petition is considered timely if filed within one year of the effective date of the enactment or January 16, 1997."  Commonwealth v. Brown, 872 A.2d 1139, 1144 (Pa. 2005); see also Commonwealth v. Sattazahn, 869 A.2d 529, 533 n.8 (Pa. Super. 2005) (observing that Jan. 16, 1996 is the effective date of the 1995 amendments to the PCRA).  Here, the Superior Court found that Eckles "placed his first pro se PCRA petition in the institutional mailbox" on Jan. 10, 1997.  See Pa. Super. Ct. Op. filed 12/13/01, at 2.

Petitioner's PCRA counsel filed an amended PCRA petition in December of 2002, and the PCRA Court dismissed that petition on its merits.  See Pa. Super. Ct. Op. filed 10/21/04, at 2. On October 21, 2004, the Superior Court affirmed the denial of the PCRA petition.  Id. at 5.  The Supreme Court of Pennsylvania denied allocatur on May 3, 2005.  Commonwealth v. Eckles, 864 A.2d 577 (Pa. Super. Oct. 21, 2004) (table), allocatur denied, 875 A.2d 1072 (Pa. May 3, 2005) (table).

On or about June 28, 2005, Eckles filed a third PCRA petition.  See Commonwealth v. Eckles, No. 2786 EDA 2006, Mem. Op. at 1 (Pa. Super. filed Sept. 5, 2007); see also PCRA Pet. filed 6/28/05, at 1.  On October, 2, 2006, the PCRA Court found that he failed to satisfy the timeliness requirements of the PCRA and dismissed the petition as time-barred.  See Pa. Super. Ct. Op. filed 9/5/07, at 1 (ruling on Eckles' "Appeal from the PCRA Order of October 2, 2006"). Eckles filed a pro se Notice of Appeal in the Superior Court of Pennsylvania, and on September 5, 2007 the Superior Court affirmed the PCRA court's dismissal of the petition, finding that Eckles' PCRA petition was "patently untimely" and that petitioner failed to properly plead an exception to the PCRA's jurisdictional time requirements that applied to his petition.  Id. at 2-3.

Eckles' federal habeas petition was received by the Clerk of this Court on May 3, 2006 (referred to herein as "original habeas petition"), while his PCRA petition was pending in the Pennsylvania courts.  See Orig. Hab. Pet. (Doc. No. 1) at 1.  In that it was not filed on the proper form, by Order filed May 23, 2006 the Honorable James T. Giles directed  the Clerk of Court to furnish petitioner with the current standard form.  Judge Giles further ordered that petitioner complete the form as directed by Local Rule of Civil Procedure 9.3 and return it to the Clerk of Court within thirty (30) days to avoid dismissal of this civil action.

3

On June 7, 2006, the Clerk of Court received Eckles' habeas petition filed on the proper form (Doc. No. 3).  See Hab. Pet. (Doc. No. 3) at 1.  The petition raises claims of ineffective assistance of post-trial, direct appeal, and PCRA counsel for failing to raise issues regarding the sufficiency of the evidence and trial counsel's ineffectiveness in failing to request a jury instruction on the Commonwealth's burden to prove specific intent to kill.  Id. ¶ 12(A)-(C).  The petition further alleges that "police/ prosecutorial/judicial misconduct" involving "obstruction of justice[,] perjured testimony," "suppression of exculpatory evidence[,] the fabrication of inculpatory evidence," and "newly discovered evidence" demonstrate a "miscarriage of justice" and his actual innocence.  Id. ¶ 12(D).  In the Response to the habeas petition, the District Attorney of Philadelphia ("respondent") argues that the petition is time-barred.[3]  See Resp. to Hab. Pet. at 3-7.

---

3. On Sept. 8, 2006, the Court ordered that respondent file a Supplemental Response addressing the effect of Eckles' third PCRA petition on the statute of limitations applicable to his § 2254 petition.  In the Supplemental Response, respondent requested "that the Court suspend its consideration of petitioner's application for habeas relief . . ., pending the disposition in the state courts of [Eckles'third] PCRA petition."  See Supp. Resp. to Hab. Pet. at 12.  By Report and Recommendation ("R&R") filed Nov. 29, 2006, I recommended that the habeas petition be stayed and held in abeyance while Eckles' third PCRA petition was pending in the Pennsylvania courts.  By Order filed Jan. 9, 2007, the Honorable James T. Giles approved and adopted the Nov. 29th R&R.  Furthermore, although on Dec. 11, 2006 Pennsylvania's Superior Court dismissed Eckles' third PCRA petition, on Dec. 21, 2006 the Superior Court rescinded its Dec. 11th Order, and reinstated Eckles' appeal related to the PCRA petition.  Therefore, by R&R filed Feb. 28, 2007, I recommended that Eckles' § 2254 petition continue to be stayed and held in abeyance while the PCRA petition was pending, and on April 9, 2007, Judge Giles approved and adopted the Feb. 28th R&R.  As explained, the Superior Court of Pennsylvania has since affirmed the PCRA Court's dismissal of the PCRA petition as untimely filed, and petitioner has notified this Court of his intention to proceed with his habeas petition.  Accordingly, Judge Giles has lifted the stay of this case, and in addition to the pending habeas petition, petitioner has filed a motion for post-trial discovery (Doc. No. 22) and a document styled Amended Habeas Petition (Doc. No. 24).

**2.  DISCUSSION**

      **A.  THE § 2254 PETITION IS TIME-BARRED**

Section 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which amended 28 U.S.C. § 2244, imposes a one-year period of limitation on applications for writs of habeas corpus by persons in state custody.  See 28 U.S.C. § 2244(d)(1); Pace v. DiGuglielmo, 125 S. Ct. 1807, 1810 (2005).  Pursuant to AEDPA, the limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Thus, under § 2244, unless one of the statutory exceptions applies, see id. § 2244(d)(1)(B)-(D), the one-year limitation period during which a habeas petition must be filed begins to run upon completion of direct review of the judgment of the state courts.

Here, Eckles' judgment of conviction became final prior to April 24, 1996,[4] AEDPA's

---

4.  On petitioner's direct appeal, the Supreme Court of Pennsylvania denied Eckles' petition for allowance of appeal in June of 1992.  See Commonwealth v. Eckles, 610 A.2d 44 (Pa. June 30, 1992) (table); see also Pa. Super. Ct. Op. filed 10/21/04, at 1.

effective date.  Therefore, he had one year from the effective date, or until April 24, 1997, <u>see</u> <u>Sweger v. Chesney</u>, 294 F.3d 506, 513 (3d Cir. 2002), <u>cert. denied</u>, 123 S. Ct. 1902 (2003), plus any time during which the period of limitation was tolled, to file a § 2254 petition.  <u>See</u> <u>Merritt v. Blaine,</u> 326 F.3d 157, 161 (3d Cir. 2003); <u>Swartz v. Meyers</u>, 204 F.3d 417, 419-20 (3d Cir. 2000); <u>Burns v. Morton</u>, 134 F.3d 109, 111 (3d Cir. 1998).

The Third Circuit has held that "[t]he statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception."  <u>Merritt,</u> 326 F.3d at 161 (citing <u>Jones v. Morton</u>, 195 F.3d 153, 158 (3d Cir. 1999)).  With respect to statutory tolling, § 2244(d)(2) provides in relevant part that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Pace</u>, 125 S. Ct. at 1810 (quoting § 2244(d)(2)).

Thus, the time during which petitioner's first two PCRA petitions were pending should not be counted in calculating the period of limitation.  <u>See id.</u>; <u>Swartz</u>, 204 F.3d at 420.  Here, it will be assumed arguendo that AEDPA's period of limitation was tolled from January 10, 1997, when he filed his first PCRA petition, <u>see</u> Pa. Super. Ct. Op. filed 12/13/01, at 2, until May 3, 2005, when his petition for allowance of appeal was denied by the Supreme Court of Pennsylvania,[5] <u>see</u> <u>Commonwealth v. Eckles</u>, 875 A.2d 1072 (Pa. May 3, 2005) (table).  <u>See</u>

---

5.  As explained, although the PCRA Court found petitioner's first PCRA petition untimely, <u>see</u> Pa. Super. Ct. Op. filed 10/18/02, at 1, the Superior Court ultimately found that the petition was timely filed, enabling petitioner to subsequently file an amended PCRA petition which was

Swartz, 204 F.3d at 420.  Since AEDPA's period of limitation began to run on April 24, 1996, see Swartz, 204 F.3d at 419-20, more than eight and a half (8 ½) months of the period of limitation had already elapsed by the time he filed his PCRA petition on January 10, 1997.  See, e.g., Burns, 134 F.3d at 111.  Therefore, when Pennsylvania's Supreme Court denied allowance of appeal on May 3, 2005, and the period of limitation began running again, petitioner had less than three and a half (3 ½) months to file his § 2254 petition.

Petitioner did not file his federal habeas petition until, at the earliest, April 26, 2006,[6] see Orig. Hab. Pet. (Doc. No. 1) at 1, more than eleven (11) months after his first two PCRA petitions were no longer pending, and more than seven (7) months **after** AEDPA's period of limitation **expired.**  Indeed, he waited more than eight and a half (8 ½) months after AEDPA's

---

denied on its merits, id. at 2.  It is noted that Eckles' first PCRA petition was dismissed on May 28, 1998, see Common Pleas Ct. Op. filed 1/28/04, at 2, and petitioner failed to file a timely appeal of that dismissal to the Superior Court, see Pa. R. App. P. 903(a) (notices of appeal must be filed within 30 days).  Since he waited **one year** before filing a second PCRA petition, arguably he did not have a PCRA petition "pending" in the Pennsylvania courts from June 27, 1998, when the time for filing an appeal to the Superior Court expired, until July 2, 1999, when Eckles filed a second PCRA petition, see Common Pleas Ct. Op. filed 1/28/04, at 2.  However, giving petitioner every benefit of the doubt for purposes of calculating AEDPA's period of limitation, the PCRA petitions will be treated for present purposes as pending from Jan. 10, 1997, when Eckles filed his first PCRA petition, see Pa. Super. Ct. Op. filed 12/13/01, at 2, until May 3, 2005, when Eckles' petition for allowance of appeal related to his PCRA petition was denied by the Supreme Court of Pennsylvania, see Commonwealth v. Eckles, 875 A.2d 1072 (Pa. May 3, 2005) (table).

6.  In Burns, 134 F.3d at 113, the Court of Appeals for the Third Circuit held that a pro se prisoner's federal habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.  Here, Eckles' original habeas petition was received by the Clerk of this Court on May 3, 2006, see Orig. Hab. Pet. (Doc. No. 1) at 1, and petitioner alleges that he filed his habeas petition on April 28, 2006, see Petr.'s Reply at 7.  Nevertheless, he signed his original habeas petition on April 26, 2006, see Orig. Hab. Pet. (Doc. No. 1) at 14.  Therefore, he could not have delivered the petition any earlier than that date.  Giving him every benefit of the doubt, it will be assumed for present purposes that petitioner filed his § 2254 petition on April 26, 2006, when he alleges he signed his petition.

effective date to file his first PCRA petition.[7]  Since petitioner failed to file his § 2254 petition within the one-year period of limitation, absent further tolling, the petition was not timely filed. See Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

Petitioner's third PCRA petition did not toll the period of limitation under § 2244(d)(2) because it was not "properly filed," see 28 U.S.C. § 2244(d)(2).  In Pace v. DiGuglielmo, 125 S. Ct. 1807 (2005), the Supreme Court held: "When a postconviction petition is untimely under state law **'that [is] the end of the matter'** for purposes of § 2244(d)(2)."  Id. at 1812 (emphasis added).  The Supreme Court further held that "**[b]ecause the state court** rejected petitioner's PCRA petition as **untimely**, it was **not 'properly filed**,' and he is **not entitled to statutory tolling** under § 2244(d)(2)."  Id. at 1814 (emphasis added); see also Merritt, 326 F.3d at 165 (holding that the Court was "***bound* by the state court's finding** that [the petitioner's] second PCRA petition was **untimely**") (emphasis added); Brown v. Shannon, 322 F.3d 768, 775 n.5 (3d Cir. 2003) (observing that a PCRA petition which was found by the Pennsylvania courts as untimely filed may not be deemed "properly filed" within the meaning of § 2244(d)(2)), cert. denied, 539 U.S. 948 (2003).

Similarly, in this case, where the Superior Court found Eckles' third PCRA petition "patently untimely" with no applicable exceptions to the PCRA's jurisdictional time requirements, see Pa. Super. Ct. Op. filed 9/5/07, at 2-3, "that [is] the end of the matter" for purposes of § 2244(d)(2), see Pace, 125 S. Ct. at 1812, and this Court is "**bound** by the state

---

7.  It is reiterated that petitioner also let more than a year pass after his first PCRA petition was dismissed before he filed a second PCRA petition, although that lengthy delay will be considered arguendo as tolling AEDPA's one-year period of limitation as if his PCRA petition were pending in the Pennsylvania courts during that delay.  See supra note 5.

court's finding[s]," see Merritt, 326 F.3d at 166 (emphasis added).  Therefore, his third PCRA

petition was not "properly filed" for purposes of § 2244(d)(2), and did **not** toll AEDPA's period

of limitation.  See Pace, 125 S. Ct. at 1814; Merritt, 326 F.3d at 166; Brown, 322 F.3d at 775 n.5.

Since he failed to file his § 2254 petition within the one-year period of limitation, absent

equitable tolling, the petition was not timely filed.[8]

The Court of Appeals for the Third Circuit has held that the federal habeas statute of

limitations is subject to equitable tolling in only extraordinary circumstances.[9]  Id. at 618.  In

Merritt v. Blaine, the Court of Appeals reiterated "the two general requirements for equitable

tolling: (1) that 'the petitioner has in some **extraordinary** way been **prevented** from asserting

his or her rights;' and (2) that the petitioner has shown that 'he or she exercised **reasonable**

**diligence** in investigating and bringing [the] claims.'"  Merritt, 326 F.3d at 168 (citing Fahy v.

Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)) (emphasis added); see

Pace, 125 S. Ct. at 1814 (observing that a litigant seeking equitable tolling bears the burden of

---

8.  To the extent that petitioner's claims may be construed as alleging ineffective assistance of
PCRA counsel, his claims are not cognizable in a federal habeas petition.  See 28 U.S.C. §
2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-
conviction proceedings shall not be a ground for relief in a proceeding arising under section
2254."); see also Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002) (citing Pennsylvania v.
Finley, 481 U.S. 551 (1987)) (habeas petitioner "had no Sixth Amendment right to representation
at his PCRA hearing"), cert. denied, 537 U.S. 897 (2002); Hendel v. Vaughn, 1998 WL 470159,
at *5 (E.D. Pa. Aug. 10, 1998) ("Petitioner cannot claim ineffective assistance at the PCRA level
because there is no constitutional right to counsel at that stage.").

9.  The Supreme Court has not held that AEDPA's period of limitation is subject to equitable
tolling.  In Pace, the Supreme Court clarified: "We have never squarely addressed the question
whether equitable tolling is applicable to AEDPA's statute of limitations. . . . Because respondent
assumes that equitable tolling applies and because petitioner is not entitled to equitable tolling
under any standard, we assume **without deciding** its application for purposes of this case."  Pace,
125 S. Ct. at 1814 n. 8 (citation omitted) (emphasis added).

9

establishing diligence **and** that "some extraordinary circumstance stood in his way") (emphasis added).  "Mere excusable neglect is not sufficient."  See Miller v. N.J. DOC, 145 F.3d 616, 618-19 (3d Cir. May 26, 1998).  "The law is clear that courts must be **sparing** in their use of equitable tolling."  See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. Oct. 25, 1999) (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999)) (emphasis added).

In this case, petitioner fails to allege circumstances which would warrant invoking the sparing doctrine of equitable tolling.  It is noted that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy, 240 F.3d at 244.  Furthermore, lack of understanding or knowledge of the law is not an appropriate basis to invoke equitable tolling.  See Jones, 195 F.3d at 160 (finding that equitable tolling is not applicable to a time-barred petition due to a petitioner's misunderstanding of AEDPA's requirements); School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("[i]gnorance of the law is not enough to invoke equitable tolling").

Petitioner does not allege circumstances which **prevented** him in some **extraordinary** way from filing a timely federal habeas petition.  See Lee v. United States, 2005 WL 1949441, at *5 (E.D. Pa. 2005) (citing United States v. Bruce, 2002 WL 31757938, at *1 (D. Del. Nov. 26, 2002)); United States v. Ramsey, 1999 WL 718079, at *2 (E.D. Pa. Aug. 26, 1999); see also Davis v. Artuz, 2001 WL 199454, at *3 (S.D. N.Y. Feb. 28, 2001) ("the petitioner must show that circumstances actually impeded the ability to file a timely petition").

Moreover, **even if** Eckles had alleged extraordinary circumstances preventing him from asserting his rights, he fails to allege circumstances indicating that he exercised **reasonable**

**diligence**.  See, e.g., Pace, 125 S. Ct. at 1815; Schlueter v. Varner, 384 F.3d 69, 78 (3d Cir.

2004), cert. denied, 544 U.S. 1037 (2005).  Eckles waited more than eight (8) months after

AEDPA's effective date to file his first PCRA petition, and he did not file his federal habeas

petition until more than eleven (11) months after his first and second PCRA petitions were no

longer pending, and more than seven (7) months after AEDPA's period of limitation expired.  He

has not alleged facts sufficient to show that "the 'sparing' doctrine of equitable tolling" should be

invoked in this case.  See Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir. 2002) (quoting Jones,

195 F.3d at 159), cert. denied, 540 U.S. 826 (2003); see also Brown, 322 F.3d at 774.

Eckles also asserts that he was actually innocent of the charges of which he was

convicted.  Construing the pro se petition liberally, see Estelle v. Gamble, 429 U.S. 97, 106

(1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)) (pro se documents are to be

liberally construed), the petition may be construed as alleging that the statute of limitations

should be equitably tolled based on Eckles' alleged actual innocence.[10]  The Third Circuit has not

held in a precedential opinion that AEDPA's statute of limitations may be equitably tolled based

on a claim of actual innocence.  See Reaves, 2008 WL 2727178, at *5 (citing McKeever v.

Warden SCI-Graterford, 486 F.3d 81, 84 n.5 (3d Cir.), cert. denied, 128 S. Ct. 538 (2007)) (court

yet to hold that AEDPA statute of limitations can be equitably tolled on basis of actual

innocence); McNeil v. Brooks, 2007 WL 3342371, at *3 (E.D. Pa. Nov. 8, 2007); see, e.g.,

Horning v. Lavan, 197 Fed. Appx. 90, 93-94 (3d Cir. 2006) ("we have yet to hold that the

---

10.  The Supreme Court has explained that an actual innocence claim is "'not itself a
constitutional claim, but instead a gateway through which a habeas petitioner must pass to have
his otherwise barred constitutional claim considered on the merits.'"  Schlup v. Delo, 513 U.S.
298, 315 (1995) (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)); see Reaves v. Krysevig,
2008 WL 2727178, at *5 n.7 (E.D. Pa. July 11, 2008) (Giles, J.).

AEDPA statute of limitations can be equitably tolled on the basis of actual innocence"); LaCava v. Kyler, 398 F.3d 271, 274 n.3 (3d Cir. 2005) (declining to address whether petitioner's actual innocence claim could overcome the AEDPA time bar).  At least two Courts of Appeals rejected such an exception.  See Araujo v. Chandler, 435 F.3d 678, 682 (7th Cir. 2005) (holding that actual innocence is not a freestanding exception to the statute of limitations), cert. denied, 127 S. Ct. 39 (2006); Escamilla v. Jungwirth, 426 F.3d 868, 872 (7th Cir. 2005) ("Prisoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action.");[11] David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003), cert. denied, 540 U.S. 815 (2003); see also Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (a claim of actual innocence would not constitute a "rare and exceptional" circumstance which would justify the equitable tolling of the limitations period, "given that many prisoners maintain they are innocent"), cert. denied, 531 U.S. 1035 (2000).

In a recent non-precedential opinion, the Third Circuit held that equitable tolling of AEDPA's one-year filing period was appropriate where the petitioner demonstrated that he was "sentence[d] for a crime that in fact was not a crime."  Black v. Dist. Att'y of Phila., 246 Fed. Appx. 795, 798 (3d Cir. 2007); see Reeder v. Phelps, 2008 WL 2061135, at *3 (D. Del. May 13, 2008).[12]  Nevertheless, the Third Circuit has also stated in a non-precedential opinion that if it

---

11.  The Escamilla Court explained: "Section 2244(d) has a rule for when new factual discoveries provide a fresh period for litigation; unless that standard is met, a contention that the new discoveries add up to actual innocence is unavailing."  Escamilla, 426 F.3d at 872; see 28 U.S.C. § 2244(d).

12. In Black, the Commonwealth **agreed** that the habeas petitioner's conviction of a violation of the Pennsylvania Corrupt Organizations Act (PaCOA) should be vacated since, based on an opinion issued by Pennsylvania's Supreme Court while Black was pending in the Court of Appeals, the parties agreed that the petitioner had pled guilty to conduct that was not criminal.

were to permit equitable tolling based upon a claim of actual innocence, such a claim would fail **unless** he exercised **reasonable diligence** in pursuing his actual innocence claim. Horning, 197 Fed. Appx. at 94; see McNeil, 2007 WL 3342371, at *3; Gilyard v. Tennis, 2007 WL 201015, at *2 (E.D. Pa. Jan. 17, 2007) ("the Third Circuit recently stated in Horning v. Lavan . . . that **even assuming** (without deciding) that actual innocence was permitted to trigger equitable tolling of the AEDPA statute of limitations, a petitioner's claim would **still fail** if the petitioner did not exercise **reasonable diligence** in pursuing his actual innocence claim.") (emphasis and parenthesis added); Reeder, 2008 WL 2061135, at *3 ("a petitioner's actual innocence will still only trigger equitable tolling if the petitioner exercised reasonable diligence in pursuing the innocence claim"); Harold v. Shannon, 2006 WL 3717931, at *4 (E.D. Pa. Dec. 13, 2006) ("even were an 'actual innocence' exception to the limitation period contained in § 2244(d), petitioner **must** have exercised **reasonable diligence** in raising his claim of actual innocence before the statute of limitations expired.") (emphasis added); see also Pace, 544 U.S. at 418 ("Generally, a litigant seeking equitable tolling bears the burden of establishing . . . that he has been pursuing his rights diligently").

Here, petitioner was aware of the "new evidence," at the latest, by receipt of a letter dated October 21, 2001 from his sister.  This was prior to the December 13, 2001 Order of

---

See Black, 246 Fed. Appx. at 797.  Therefore, under those extraordinary circumstances, see id. at 798, the Court determined in a non-precedential case that equitable tolling of the applicable statute of limitations was appropriate, see id. at 796; see also Stocker v. Warden, SCI-Graterford, 2004 WL 603400, at *15 (E.D. Pa. March 25, 2004) (finding equitable tolling appropriate where, as in Black, the petitioner was convicted under the PaCOA for conduct which was not criminal, Judge Giles stated: "The facts of this case are **extraordinary** in that it is **admitted** by the Commonwealth . . . that petitioner is actually innocent.") (emphasis added).  For reasons explained infra, Eckles' claim of innocence is clearly distinguishable from these PaCOA cases.

Pennsylvania's Superior Court remanding the case to the PCRA Court, and it appears that petitioner was aware of the "new evidence" more than a year prior to the amended PCRA petition which he filed in December of 2002 and which was dismissed on its merits.[13]  See Pa. Super. Ct. Op. filed 10/21/04, at 2.  Yet petitioner appears to indicate that he did not raise any claims involving the "new evidence" until, at the earliest, June 28, 2005, when he improperly filed his untimely third PCRA petition.  See Pa. Super. Ct. Op. filed 9/5/07, at 1; see also Petr.'s Reply Br. at 9 ("petitioner decided to exhaust his state remedies, when he filed his . . . PCRA [petition] on June 28, 2005").  Moreover, he waited until, at the earliest, April 26, 2006, about four and a half (4 ½) years after the October 2001 letter from his sister, before he filed his federal  habeas petition.  See supra note 6.

Therefore, even assuming that a claim of actual innocence could trigger equitable tolling of AEDPA's statute of limitations, and even if petitioner could satisfy the stringent standard for establishing actual innocence, see House v. Bell, 126 S. Ct. 2064 (2006) (actual innocence "standard is demanding and permits review only in the extraordinary case"), Eckles' claim would nevertheless fail because he fails to allege circumstances indicating that he exercised reasonable diligence.  See Horning, 197 Fed. Appx. at 93-94; Caviness v. Holt, 190 Fed. Appx. 157, 159 (3d Cir. July 19, 2006) (finding petitioner's "claim of actual innocence [did] not constitute an extraordinary circumstance because he had an earlier opportunity to raise this claim"), cert. denied, 127 S. Ct. 702 (2006); Gilyard, 2007 WL 201015, at *2; Calderon v. Hogan, 2007 WL 1740273, at *7 (E.D. Pa. June 14, 2007); Chambers v. United States, 2006 WL 3708084, at *4

13.  The Superior Court affirmed the denial of that petition on Oct. 21, 2004, see Pa. Super. Ct. Op. filed 10/21/04, at 5, and the Supreme Court of Pennsylvania denied allowance of appeal on May 3, 2005, see Commonwealth v. Eckles, 875 A.2d 1072 (Pa. 2005).

14

(D. Del. Dec. 14, 2006) (even assuming that "actual innocence" could excuse a time-bar, "equitable tolling [was] inappropriate . . . because [the petitioner] did not act with the requisite diligence"); Harold, 2006 WL 3717931, at *4.  Petitioner has not alleged facts sufficient to show that the "sparing" doctrine of equitable tolling should be invoked in this case.  See Robinson, 313 F.3d at 143 (quoting Jones, 195 F.3d at 159).   Accordingly, Eckles' petition should be dismissed as time-barred in that he failed to file it within the one-year period of limitation.  See Brown, 322 F.3d at 776; Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.[14]

### B.   Eckles' "New Evidence" Claims Are Time-Barred

Eckles' petition appears to include claims allegedly predicated on evidence which he claims to have become aware of, at the latest, by the October 21, 2001 correspondence from his sister, Esther Eckles.  This correspondence indicates, among other things, that out of at least four statements Ms. Eckles gave to police in 1988, the second, third, and fourth ones "were all lies."[15] The "new evidence" also includes an alleged letter to the pre-trial judge dated June 16, 1988 wherein Ms. Eckles informed the court of the aforementioned statements and apologized "for lying to the police."  The pre-trial judge apparently forwarded the June 16, 1988 letter to Ms. Eckles' attorney along with a June 21, 1988 cover letter.

Under § 2244(d)(1)(D), a petitioner whose conviction became final prior to AEDPA's

---

14.  To the extent that any of petitioner's filings in support of his habeas petition may be construed as raising any claims other than those raised in his original habeas petition, those new claims are similarly time-barred.

15.  Any of Eckles' claims which are arguably predicated on this "new evidence" will be referred to herein as Eckles' "new evidence claims."

15

effective date may benefit from a later start date to the period of limitation if he can demonstrate that "the date on which the factual predicate of the claim or claims presented **could [not] have been discovered through the exercise of due diligence**" prior to AEDPA's effective date.[16] See 28 U.S.C. § 2244(d)(1)(D) (emphasis added).  Though AEDPA does not define "factual predicate," the Third Circuit has held that "section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known." McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007) (quoting Schlueter, 384 F.3d at 74). Therefore, "the 'factual predicate' of a petitioner's claims constitutes the 'vital facts' underlying those claims."  McAleese, 483 F.3d at 214 (citing Schlueter, 384 F.3d at 74).

Here, petitioner fails to allege "the date on which the factual predicate of the claim or claims presented **could have been discovered through the exercise of due diligence.**"  See 28 U.S.C. § 2244(d)(1)(D) (emphasis added).  Indeed, he fails to specifically demonstrate that or explain why he could not have discovered the "vital facts" on which any claims were predicated, see McAleese, 483 F.3d at 214, through the exercise of due diligence prior to April 24, 1996, when the statute of limitations began to run in this case.  Moreover, given the nature of his alleged "new evidence," it is not clear (and petitioner gives no explanation) why he could not have discovered through the exercise of due diligence the vital facts underlying his claims prior

---

16.  Of course, even if Eckles were able to demonstrate circumstances resulting in a later start date to AEDPA's period of limitation under § 2244(d)(1)(D), for the reasons explained above, petitioner's cognizable claims not predicated on "new evidence," i.e. claims not involving the credibility of Esther Eckles statements to the police, would still be time-barred under § 2244(d)(1)(A).  See Fielder v. Varner, 379 F.3d 113, 118 (3d Cir. 2004) ("the statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis"), cert. denied, 543 U.S. 1067 (2005); see also Slutzker v. Johnson, 393 F.3d 373, 382 (3d Cir. 2004) (citing Fielder).

to trial.  For example, the correspondence submitted by petitioner in support of his habeas

petition appears to indicate that his sister offered and expressed a **desire** to reveal the alleged

new evidence regarding the veracity of her statements to the police well before petitioner's trial.

Moreover, as explained above, to the extent that the petition seeks habeas relief based on

claims of actual innocence, such claims are not cognizable in a habeas petition.  <u>Schlup</u>, 513 U.S.

at 315 (quoting <u>Herrera</u>, 506 U.S. at 404); <u>see</u> <u>Reaves</u>, 2008 WL 2727178, at *5 n.7.

Furthermore, to the extent that petitioner raises cognizable claims predicated on the "new

evidence," he does not demonstrate or allege circumstance indicating that an alternate start date

to the statute of limitations is appropriate, i.e. that he could not have discovered such evidence

through the exercise of due diligence prior to April 24, 1996.  Accordingly, the petition should be

denied and dismissed as time-barred.

### C.   Even Assuming Arguendo a Later Start Date on AEDPA's Period of Limitation for "New Evidence" Claims, Such Claims Should be Denied and Dismissed

Even assuming arguendo that the habeas petition may be construed as alleging

circumstances justifying a later start date to AEDPA's period of limitation for claims allegedly

predicated on "new evidence," <u>see</u> Hab. Pet. ¶ 12(D); <u>see also</u> <u>Fielder</u>, 379 F.3d at 118

(AEDPA's statute of limitations should be applied on a claim-by-claim basis), the petition should

still be denied and dismissed.  As explained, it appears that, at the latest, he became aware of the

"new evidence" upon receipt of the October 21, 2001 correspondence from his sister.  Assuming

arguendo that he raises new evidence claims predicated on facts that "could [not] have been

discovered through the exercise of due diligence" prior to October 21, 2001, <u>see</u> 28 U.S.C. §

2244(d)(1)(D), AEDPA's period of limitation started to run on or about that date for Eckles'

"new evidence" claims.  In that his PCRA petition was pending at that time, the period of

limitation would not have started until May 3, 2005, when his PCRA petition was no longer

pending.  See Commonwealth v. Eckles, 875 A.2d 1072 (Pa. May 3, 2005) (denying allowance

of appeal).  Therefore, under these assumptions, he would have had until May 3, 2006 to file his

§ 2254 petition with regard to his new evidence claims.  He filed his original habeas petition no

earlier than April 26, 2006, see supra note 6.  Therefore, to the extent that his petition raises

claims which are predicated on "new evidence" revealed in the October 21, 2001 letter from his

sister, and which satisfy the requirements for a later start date under § 2244(d)(1)(D), the petition

would be timely for those claims.[17]  See Brown, 322 F.3d at 776; Miller, 145 F.3d at 617-18;

Burns, 134 F.3d at 111.

"Under the federal habeas corpus statute, habeas relief 'shall not be granted' to a

petitioner in custody pursuant to a state court judgment **unless the petitioner 'has exhausted the**

**remedies available in the courts of the State.'**"  Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir.

2005) (quoting 28 U.S.C. § 2254 (b)(1)(A)) (emphasis added).  Specifically, "state prisoners

must give the state courts one full opportunity to resolve any constitutional issues by invoking

one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel,

526 U.S. 838, 844-45 (1999); see Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001), cert.

denied, 535 U.S. 957 (2002).

The petitioner has the burden of proving all facts entitling him to a discharge from

---

17.  As explained above, it does not appear that petitioner has demonstrated that a later start date
is appropriate here under 28 U.S.C. § 2244(d)(1)(D).

custody as well as demonstrating that he has met all procedural requisites entitling him to relief.

Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982).  Thus, the habeas petitioner carries the

burden of proving exhaustion of all available state remedies.  Coady v. Vaughn, 251 F.3d 480,

488 (3d Cir. 2001) (citing Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993)); Lambert v.

Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

Requiring exhaustion of state remedies "addresses federalism and comity concerns by

'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error

without interference from the federal judiciary.'"  Parker, 429 F.3d at 61 (citing Toulson, 987

F.2d at 986); Coady, 251 F.3d at 488; Toulson, 987 F.2d at 986 (quoting Vasquez v. Hillery, 474

U.S. 254, 257 (1986)).  Although the exhaustion rule is a matter of comity and not jurisdiction, it

"should be **strictly adhered to** because it expresses respect for our dual judicial system."

Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992) (quoting Landano v. Rafferty, 897 F.2d 661,

668 (3d Cir. 1990)) (emphasis added), cert. denied, 404 U.S. 944 (1992); see Burkett v. Love, 89

F.3d 135, 137 (3d Cir. 1996) ("Pursuing state remedies is not a mere formality").

Here, Eckles appears to acknowledge that his new evidence claims were not raised in the

state courts until he filed his third PCRA petition on June 28, 2005.  See Petr.'s Reply Br. at 9

("petitioner decided to exhaust his state remedies, when he filed his . . . PCRA [petition] on June

28, 2005").  Furthermore, as explained, the Pennsylvania courts found that, under Pennsylvania

law, Eckles' claims were time-barred.[18]  See Pa. Super. Ct. Op. filed 9/5/07, at 2-3.

---

18.  To the extent that the present petition may be construed as challenging the Superior Court's
finding that, under the PCRA, his claims were time-barred, among other things, "it is not the
province of a federal habeas court to reexamine **state-court determinations on state-law
questions.**"  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasis added).

"The failure to 'fairly present' federal claims in state court bars the consideration of those claims in federal court by means of habeas corpus because they have been procedurally defaulted." Cristin, 281 F.3d at 410 (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)). "By refusing to consider claims that have been procedurally defaulted in state court, [the procedural default] doctrine 'encourage[s] state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.'" Cristin, 281 F.3d at 410 (quoting Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). In addition, the doctrine "facilitates the proper review of the federal claims, for those claims 'that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review.'" Cristin, 281 F.3d at 410 (quoting Lundy, 455 U.S. at 519).

In Coleman v. Thompson, 501 U.S. at 750, the Supreme Court explained the exceptions to the procedural default doctrine:

> In all cases in which a state prisoner has defaulted his federal claims in state court[,] . . . federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate the failure to consider the claims will result in a fundamental miscarriage of justice.

See Cristin, 281 F.3d at 409 n.5 (quoting Coleman, 501 U.S. at 750). To satisfy the cause and prejudice requirement, "a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements." Cristin, 281 F.3d at 412 (quoting Coleman, 501 U.S. at 753); see also Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)), cert. denied, 532 U.S. 980 (2001).

Here, petitioner does not appear to allege circumstance constituting cause and prejudice related to his failure to raise his claims earlier.  Indeed, as explained, it appears that he could have raised his claims prior to the filing of his third PCRA petition.  To the extent the habeas petition may be construed as alleging ineffective assistance of PCRA counsel as "cause" for his procedural default, that claim must fail.  "While ineffective assistance of counsel can be cause for a procedural default, the attorney's ineffectiveness must rise to the level of a Sixth Amendment violation."  Cristin, 281 F.3d at 420; see Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Carrier, 477 U.S. at 488.  In that Eckles had no Sixth Amendment right to representation during PCRA proceedings, see Pennsylvania v. Finley, 481 U.S. 551 (1987), his PCRA counsel's alleged ineffective assistance cannot establish cause for the procedural default.  See Edwards, 529 U.S. at 451; Coleman, 501 U.S. at 752; Cristin, 281 F.3d at 420; see also supra note 8.

In the alternative to showing cause and prejudice, a petitioner must show that failure to review the federal habeas claim will result in a "miscarriage of justice."  See Werts, 228 F.3d at 193.  "Generally, this exception will apply only in extraordinary cases, i.e., 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  Id. (quoting Murray, 477 U.S. at 496).  "Actual innocence means 'factual innocence, not mere legal insufficiency.'"  Sweger v. Chesney, 294 F.3d 506, 523 (3d Cir. 2002) (citing Bousley v. United States, 523 U.S. 614, 623 (1998)), cert. denied, 538 U.S. 1002 (2003); Calderon, 2007 WL 1740273, at *7 n.9. (citing Sweger).  In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court explained that in order to establish "actual innocence" to be entitled to relief that otherwise would be barred, a petitioner must satisfy "an extremely high burden" by presenting "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness

21

accounts, or critical physical evidence – that was not presented at trial" showing that it is more likely than not that **no** reasonable juror would have found the petitioner guilty beyond a reasonable doubt.  Id. at 316, 324, 327; Sweger, 294 F.3d at 522 (citing Cristin, 281 F.3d at 420) (discussing actual innocence claim in the context of the procedural default doctrine where petitioner's federal habeas claim was procedurally defaulted in the state courts);  Dade v. DiGuglielmo, 2008 WL 2510593, at *5 n.3 (E.D. Pa. June 19, 2008) (citing Schlup); McNeil, 2007 WL 3342373, at *3 (citing Schlup); Calderon, 2007 WL 1740273, at *7 n.9 (citing Sweger); see Cristin, 281 F.3d at 412 (quoting Keller v. Larkins, 251 F.3d 408, 415-16 (3d Cir.), cert. denied, 534 U.S. 973 (2001)).

Initially, it is noted that petitioner has failed to pursue his claim of actual innocence with reasonable diligence.  At the latest, he knew of the "new evidence" in October 2001, yet he waited several years before apparently presenting this claim to any Court, despite the fact that he was permitted to file an amended PCRA petition as late as December 2002.  See Pa. Super. Ct. Op. filed 10/21/04, at 2.  He also waited almost a year after Pennsylvania's Supreme Court denied allowance of appeal on his second PCRA petition before filing his federal habeas petition.

In any event, petitioner presents no "new reliable evidence" to meet the exacting standard applicable to actual innocence claims.  Eckles submits copies of correspondence indicating that his sister initially provided four different statements to the police, and later (but prior to trial), claiming that the first one was true and the second, third, and fourth statements were false, she indicated that she wished to reveal this at trial.  Specifically, Ms. Eckles' purported correspondence to the pretrial judge indicates that she stated: "when I go to Court I will tell that Judge that we had nothing to do with the assault latter [sic] death of [the victim]."  However,

subsequent correspondence to petitioner indicates that she later decided not to "mak[e] anymore statements to anyone."  Even assuming this constitutes "new" evidence, this is not "reliable evidence."  Given the very significant questions on the credibility of any of the statements given by Ms. Eckles, in the very least it cannot be said that petitioner is able to satisfy the "extremely high burden" of demonstrating that it is more likely than not that **no** reasonable juror would have found the petitioner guilty beyond a reasonable doubt, in light of petitioner's "new evidence."  See Schlup, 513 U.S. at 316, 324, 327; Sweger, 294 F.3d at 522 (citing Cristin, 281 F.3d at 420); Dade, 2008 WL 2510593, at *5 n.3; McNeil, 2007 WL 3342373, at *3; Calderon, 2007 WL 1740273, at *7 n.9 (citing Sweger).  Accordingly, in that Eckles "new evidence" claims have been defaulted in the Pennsylvania courts and he fails to establish cause and prejudice or a fundamental miscarriage of justice for his default, habeas relief may not be granted.

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue.  When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA may not issue unless the prisoner demonstrates that jurists of reason would find debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 123 S. Ct. 1029, 1046 (2003) (Scalia, J., concurring).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in

dismissing the petition or that the petitioner should be allowed to proceed further."  Slack, 529

U.S. at 484.  Here, for the reasons set forth above, a reasonable jurist could not conclude that the

Court would be incorrect in denying and dismissing the petition.  See Slack, 529 U.S. at 484.

Accordingly, a COA should not issue, and the petition should be denied and dismissed.[19]

       My Recommendation follows.

---

19.  In light of the recommended disposition of this habeas petition, petitioner's Motion for Post-Trial Discovery (Doc. No. 22) should be denied as moot upon dismissal of the habeas petition.  It is further noted that Rule 6 of the habeas rules gives a Court discretion to authorize a party to conduct discovery "for good cause" shown.  See 28 U.S.C. foll. § 2254, Rule 6(a).  Thus, discovery is available in habeas proceedings not as a matter of course, but only if the habeas petitioner shows "good cause."  Abu-Jamal v. Horn, 2001 WL 1609690, at *14 (E.D. Pa. Dec. 18, 2001), aff'd, 520 F.3d 272 (3d Cir. 2008); see also id. at *15 ("the enactment of AEDPA served to limit the availability of discovery to a federal habeas petitioner in many respects").  Here, among other things, Eckles has failed to show good cause for granting his motion.

## R E C O M M E N D A T I O N

**AND NOW,** this 28th day of July, 2008, upon consideration of the Petition for Writ of

Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and respondent's opposition thereto, it is

**RECOMMENDED** that the habeas petition be **DENIED** and **DISMISSED** and that a certificate

of appealability not issue.[20]  **IT IS FURTHER RECOMMENDED** that petitioner's Motion for

Post-Trial Discovery (Doc. No. 22) be **DENIED** as moot.


 /s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

---

20.  Petitioner is advised that he may file objections to this Report and Recommendation.  See
Local R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate
rights.